IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:  )<br> )<br>Franciszek & Anna Topor,  )<br> )<br> )<br>_____)<br> )<br>Franciszek & Anna Topor  )<br> )<br>Plaintiff,  )<br> )<br>v.  )<br> )<br> )<br>PNC Bank N.A.,  )<br> )<br>Defendant.  ) | CASE NO. 13 B 17971<br>Judge Hon. Schmetterer<br>CHAPTER 13<br><br><br><br><br><br><br><br>ADV. NO.   13-01063<br>Judge Hon. Schmetterer |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against PNC Bank, N.A., the following finding of fact and conclusions of law are made and will be entered:

1. Plaintiffs are individuals residing at 7901 W. Barry Avenue, Elmwood Park, IL 60707.

2. PNC Bank, N.A., is a lender and/or servicer of mortgages.

3. Plaintiff filed for relief under Chapter 13 of the United State Bankruptcy Code April 29, 2013 in the Northern District of Illinois, case number 13-17971.

4. The adversary proceeding arises under sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

6. Plaintiffs are the owners of real estate located at 7901 W .Barry Avenue, Elmwood Park, IL 60707 described as follows:

   Common Address: 7901 W. Barry Avenue, Elmwood Park, IL 60707
   Parcel ID#: 12-25-108-019-0000

7. The Subject Property is Plaintiffs' principal residence.

8. The fair market value of the real estate is $120,666.00 pursuant to Exhibit C to the original adversary complaint.

9. A first mortgage lien is currently held by JP Morgan Chase in the amount of $190,942.37 pursuant to Exhibit A to the original adversary complaint.

10. Defendant's second mortgage is in the amount of $73,175.87, pursuant to Exhibit B to the original adversary complaint.

11. Under 11 U.S.C. § 506(a), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

12. The amount owed on the first mortgage, $190,942.37 exceeds the value of the above real estate, $120,666.00.

13. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be avoided and stripped off the Subject Property upon completion of the underlying Chapter 13 Plan. See In re Pence, 905 F.2d 1107 (7th Cir. 1990); Holloway v. U.S., 2001 WL 1249053 (N.D.Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D.Ill. 2002); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000); In re Mann, 249 B.R. 831 (1st Cir. BAP 2000); In re Pond, 252 F.3d 1222 (2nd Cir. 2001).

WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of Plaintiff and against Defendant PNC Bank, N.A., stripping the Defendant's second mortgage on the Plaintiffs' residential real estate.

ENTERED:

_____
U.S. Bankruptcy Judge

OCT 1 8 2013

Dated: 10/18/13

Jason S. Landgraf
Attorney for Plaintiff
The Law Office of Jason Landgraf
5720 W. Belmont Ave
Chicago, IL 60634
P (773) 283-4408